UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PAULA KARAM, ET AL | : | CIVIL ACTION NO. 2:07-CV-1330 |
| VERSUS | : | JUDGE MINALDI |
| UNION PACIFIC RAILROAD COMPANY | : | MAGISTRATE JUDGE KAY |

### *REPORT AND RECOMMENDATION*

Before this court for consideration are a Motion for Leave to File First Amended Petition for Damages filed August 29, 2007, by plaintiff [Doc. 9] and a Motion to Remand; and, Alternatively to Abstain also filed August 29, 2007, by plaintiff [Doc. 10]. Ordinarily a request to amend pleadings would be ruled upon directly by the magistrate judge pursuant to the authority granted under 28 U.S.C. § 636(b)(1)(A) and L.R. 73.1M&W allowing magistrate judges to hear and determine any pretrial matter pending before the court except those specifically found in the statute. Considering the impact that allowing the amended complaint would have on the Motion to Remand, however, the undersigned issues this Report and Recommendation providing a suggested disposition of both.

### FACTS

This litigation ("the 2007 action") began July 9, 2007, by plaintiffs' filing a Petition for Damages in the Thirty-Third Judicial District Court, Allen Parish, Louisiana. The initial petition named only Union Pacific Railroad, a Texas Corporation, as a defendant. [Doc. 1, Att. #1] The original petition references a separate but apparently related proceeding pending in Allen Parish since 1996, that proceeding bearing docket number C-96-235 ("the 1996 action"). The 2007

action was, according to the memoranda, necessitated by actions taken by the State court in the 1996 action but it involves the same facts and circumstances. The underlying cause of action in both cases is for damages suffered by residents on or about April 11, 1995, when a rainstorm caused significant flooding. In the 2007 original petition, plaintiffs allege that defendant Union Pacific Railroad was the owner of elevated railroad tracks beneath which were storm water drainage facilities that were inadequately maintained or designed. This 2007 action was removed to this court by the defendants on August 15, 2007. [Doc. 1].

On August 29, 2007, plaintiffs filed both pleadings that are currently under consideration. Through the Motion for Leave to File First Amended Petition for Damages [Doc. 9], plaintiffs seek to add several defendants including the City of Oakdale and the Parish of Allen. Through the amended pleading plaintiffs hope to assert liability against these defendants as owners of certain storm water drainage facilities adjacent to the tracks owned by Union Pacific Railroad. Plaintiffs claim that each political subdivision failed to properly maintain their own storm water drainage facilities causing damages to plaintiffs for which defendants are strictly liable.

For reasons set forth below it is the recommendation of the undersigned that both motions be GRANTED, that plaintiffs be allowed to amend their original complaint and that the matter be remanded to State court for lack of diversity jurisdiction.

## MOTION TO AMEND ORIGINAL COMPLAINT

Defendant objects to plaintiffs' attempt to join these additional defendants claiming plaintiffs are attempting to do so solely for purposes of defeating diversity jurisdiction and that, accordingly, the court should deny the motion.

Once a responsive pleading has been filed, a plaintiff may not amend his original complaint except with consent of the opposing party or leave of court, which leave "shall be

freely given when justice so requires." FED. R. CIV. P. 15(a). Factors to be considered when considering a request to amend include undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962). When the requested amendment will result in joinder of non-diverse defendants, thereby destroying diversity jurisdiction, the court should scrutinize that amendment more closely than an ordinary amendment. *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987).

The court in *Hensgens* identified four factors for the court to consider when asked to allow joinder of non-diverse defendants and those factors are:

- (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
- (2) whether plaintiff has been dilatory in asking for amendment;
- (3) whether plaintiff will be significantly injured if amendment is not allowed; and
- (4) any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

Defendant argues that plaintiffs' sole purpose for seeking amendment is to defeat diversity. Defendant maintains that plaintiffs knew of the existence of these non-diverse defendants when they prepared and filed the 2007 complaint, best evidenced by the presence of these non-diverse defendants in the 1996 action since 2002. Defendant's Opposition to Motion [Doc. 13, p. 1]; Defendant's Reply to Supplemental Memorandum [Doc 17, p. 1]. Because plaintiffs knew of these non-diverse defendants at the time of filing of the present lawsuit, defendant argues, plaintiffs' purpose could only be a desire to destroy diversity.

Plaintiffs explain in their Supplemental Memorandum in Support of Motion for Leave to File Amended Petition and to Remand [Doc. #15] that neither the City of Oakdale nor Allen

Parish were named originally in the 2007 action because the proceeding was filed in anticipation of a ruling from the State court in the 1996 action that would exclude these plaintiffs from the class or classes being certified in the 1996 proceeding. Supplemental Memo [Doc 15] p. 3. Plaintiffs go further to explain that subsequent to the signing of the judgment in the 1996 proceeding it "became apparent" that potential claimants located in the areas affected by the facilities managed by the City of Oakdale and Allen Parish could also be excluded from the 1996 proceeding, thus the need to add those defendants to this 2007 claim.

In responding to plaintiffs' Supplemental Memorandum, defendant does not dispute the accuracy of the claims set forth above; rather, defendant simply restates that plaintiffs knew of the City of Oakdale and Allen Parish as potential defendants, plaintiffs chose not to name them as defendants, therefore plaintiffs must now be adding those defendants just to defeat diversity.

However, the plaintiffs' uncontradicted explanation for their need to add these defendants is both logical and plausible. Accordingly, the undersigned finds that the purpose of the proposed amendment is not simply to defeat diversity jurisdiction.

The remaining *Hensgens* factors weigh in favor of granting leave to amend. The defendant concedes that plaintiffs were not dilatory in their request to amend. [Doc 14, p. 2]. However, the defendant suggests that the plaintiffs will suffer no prejudice should the court refuse to allow them to add the new defendants because a third lawsuit could be filed against the City of Oakdale and Allen Parish (and presumably Union Pacific) by any plaintiffs whose causes of action are excluded from the class created in the 1996 action. This reasoning is at odds with the rationale of the *Hensgens* court, which explained that the purpose of the four-part *Hensgens* test is "to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." 833 F.2d at 1182. If the plaintiffs were to be required

to maintain a separate lawsuit against the City and Parish, this would impose an unnecessary hardship that would neither promote judicial efficiency nor deliver consistent results. Furthermore, should the court grant leave to amend, the only prejudice to the defendant would be the loss of the federal forum once the case is remanded. Any such burden on the defendant is outweighed by the substantial prejudice that will result if the plaintiffs are forced to litigate parallels lawsuits.

Accordingly, it is the recommendation of the undersigned that the Motion to Amend be GRANTED.

## MOTION TO REMAND

The question of whether to remand is governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Fifth Circuit Court of Appeals has cautioned that "[w]hen a plaintiff amends his complaint after removal in a way that destroys diversity, a district court must consider the reasons behind the amendment in determining whether remand is proper." *Braud v. Transp. Serv. Co., 445 F.3d 801, 808--09* (5th Cir. 2006) (citing *Schillinger v. Union Pac. R.R.,* 425 F.3d 330 (7th Cir.2005)). If amendment is proper, remand is required because the court may not allow joinder of nondiverse parties and retain jurisdiction over the matter. 28 U.S.C. § 1447(e); *see also Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

For the reasons discussed *supra*, the plaintiffs have justifiable reasons for amending the complaint to add non-diverse defendants. Once amendment of the pleadings has been approved and the City of Oakdale and Parish of Allen have been added as defendants, then diversity is destroyed. At that point, pursuant 28 U.S.C. § 1447(e), the district court must remand.

Accordingly, it is the recommendation of the undersigned that the Motion to Remand be GRANTED.

## OBJECTIONS

Any objections to this Report and Recommendation must be specific, in writing, and filed within ten days after being served electronically with this report. 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 6(b) and 72(b). A party's failure to object bars that party from entitlement to *de novo* review by the district judge of these proposed findings and recommendations[1] and further bars appellate review except on the grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court[2].

THUS DONE AND SIGNED in Lake Charles, Louisiana, this 14 April 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] *Rodriguez v. Bowen*, 857 F.2d 275 (5th Cir. 1988).
[2] *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).